**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER L. ALDRIDGE** | § | |
| | § | |
| **V.** | § | **A-14-CA-263-LY** |
| | § | |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); and Petitioner's response thereto (Document 11). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas, in case number 10874. Petitioner was charged by indictment with the offense of aggravated assault by

committing serious bodily injury on or about September 15, 2003.  Petitioner entered a plea of guilty

on January 11, 2005, and the trial court assessed a sentence of ten years, which was probated to ten

years after Petitioner completed a period of shock probation on June 13, 2005.

On February 28, 2011, the State filed a motion to revoke Petitioner's community supervision.

Petitioner entered a plea of true to the violations without an agreed punishment on March 11, 2011,

and the trial court released him on a personal recognizance bond until the sentencing.  Petitioner

returned on April 8, 2011, and after considering punishment evidence, the trial court reduced the

sentence from ten years to three but postponed formal sentencing until after the surgery of

Petitioner's daughter.  In the interim, the trial court determined Petitioner had been arrested for

making a terroristic threat on a family member, and on May 6, 2011, it reconsidered the punishment

evidence.  The trial court ordered Petitioner's punishment reduced from ten years to five years.

Petitioner appealed his sentence, and the Seventh Court of Appeals affirmed.  Aldridge v. State,

No. 07-11-0276-CR, 2012 WL 5381620 (Tex. App. – Amarillo Nov. 2, 2012, no pet.).

On November 19, 2013, Petitioner executed a state application for writ of habeas corpus

under article 11.07.  On December 3, 2013, the trial court found no controverted previously

unresolved facts material to the legality of the conviction.  On January 8, 2014, the Texas Court of

Criminal Appeals denied petitioner's application without written order.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The trial court sentenced him for a second time in violation of his rights under the
        Double Jeopardy Clause;

2.      The trial court improperly granted a motion for new trial for sentencing on its own
        motion;

2

3.      The trial court failed to orally pronounce the fine as part of his reduced sentence;

4.      His trial counsel was ineffective because he failed to object to the admission of prejudicial and inadmissible evidence and he did not sufficiently investigate mitigation evidence; and

5.      His appellate attorney provided ineffective assistance of counsel because he presented only two issues on appeal and failed to present more grounds of error.

## C.      Exhaustion of State Court Remedies

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

## A.      The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.  See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id.  Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id.  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)).  The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the

relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted).  Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 741 (quotation and citation omitted).  The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).  That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  But absent such a showing, the federal court must give deference to the state court's fact findings.  Id.

**B.    Double Jeopardy and Improper Sentencing Claims**

In his first ground for relief, Petitioner argues the trial court violated double jeopardy by increasing his three-year sentence after it was pronounced.  In his second ground, Petitioner urges the trial court improperly granted a motion for new trial on its own motion, increasing his sentence from three to five years.  Petitioner raised these same issues on direct appeal and in his state application for habeas corpus relief.  As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceeding.

On direct appeal, the court of appeals explained its reasoning in rejecting these arguments:

> Christopher Aldridge appeals from a judgment revoking his community supervision
> and sentencing him to five years imprisonment. Upon concluding that appellant had
> violated one or more conditions of his probation, the trial court scheduled sentencing
> for April 8, 2011, and on that date stated, in open court, it would reduce the prison
> term from ten years to three. This led to appellant asking if he could start his
> probation over and conversing with the court about those matters. After that
> conversation, the trial court said, in open court: ". . . What I'm going to do is
> postpone *formal sentencing* because we're going to have to figure out how much,
> exactly, time you have. So I am not going to put you in custody right now."
> (Emphasis added). On May 6, 2011, another hearing was held on the issue of
> punishment. Therein, the trial court stated that though it had yet to formally sentence
> appellant, it would grant its own motion for new trial to reconsider punishment.
> Appellant's objection to that was overruled. Thereafter, the State proffered the
> evidence it had presented during the April 8 hearing while appellant did likewise
> (though he excluded his own testimony from the proffer). The court then sentenced
> appellant to five years imprisonment.

Aldridge v. State, No. 07-11-0276-CR, 2012 WL 5381620 at, *1 (Tex. App. – Amarillo Nov. 2,

2012, no pet.).  The appellate court then considered the reasons that the trial court did not reach a

formal sentencing determination and concluded the trial court neither improperly sentenced

Petitioner nor violated his protections about being twice placed in jeopardy.  Specifically, the court

determined:

> While the trial court disclosed that it was going to sentence appellant to a three-year
> term of imprisonment at the April 8 hearing, it expressly postponed "formal
> sentencing" until a later date. This situation likens to that in Riles v. State, 216
> S.W.3d 836 (Tex. App.--Houston [1st Dist.] 2006, no pet.). There, the trial court
> announced that it "sentences you [appellant] to five years in TDC." Id. at 837. After
> that, the appellant requested permission to surrender himself the next day. The court

agreed but responded, "If you don't show up I haven't finalized this five years yet and I'm going to double it." Id. Needless to say, the appellant did not show up the next day, and the trial court increased his punishment. In assessing whether double jeopardy restrictions had been transgressed, the appellate court first noted that a trial court has the power to modify its sentence as long as it is done on the same day as the assessment of the initial sentence and before it adjourns. Id. at 838, quoting State v. Aguilera, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005). Then, it concluded that if the trial court initially pronounced sentence, its ensuing comment about the sentence not yet being finalized had the effect of vacating or setting aside the pronouncement; so, Riles had yet to begin serving a sentence for purposes of double jeopardy. Id. at 839. We see logic in its conclusion. The entirety of the hearing should be considered in assessing what was done at the hearing, not simply excerpts taken out of context.

It may be that the trial court evinced its intent to merely assess a three-year term of imprisonment at the hearing. However, it clearly told everyone present that "formal sentencing" would not occur until a later date. One cannot reasonably infer from the totality of these circumstances that sentence had actually been pronounced on April 8. And, even if it was, the trial court had the authority to modify or vacate the pronouncement on the same day. See Riles v. State, supra. So, while the trial court may have said it was granting a new trial, it was simply continuing the prior proceeding. And, that means there was no prior pronouncement of sentence for purposes of double jeopardy; that is, appellant's sentence was not increased after he was already sentenced.FN1

> FN1. We reject appellant's suggestion that he must have been sentenced on April 8th since he was arrested on May 4, 2011, and began serving time for which he received credit. Appellant was arrested on that date because his bond had been increased. His bond had been increased because he allegedly committed another offense. Furthermore, the trial court is required to give appellant credit for the days during which he was incarcerated. See TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a)(1) (West Supp. 2012).

Id. at *1-2.

For purposes of federal habeas litigation, the double jeopardy bar protects against a second prosecution after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498 (1984). Having independently reviewed the entire state court record, this Court finds nothing unreasonable

in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. As explained by the state appellate court, Petitioner's sentencing hearing, over which the trial court had jurisdiction, had been continued and there had not been a pronouncement of sentence for purposes of double jeopardy. Therefore, Petitioner had not been subjected to an increased sentence after he was already sentenced and the trial court had the authority to reconvene its sentencing. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## C.    Fine

In his third ground for relief, Petitioner challenges the trial court's failure to orally pronounce his fine when his probation was revoked. In the initial revocation hearing, the probation officer testified the trial court originally imposed a fine of $3,500, and Petitioner still owed $1,824.25.  3 RR 21. The trial court included the remainder on the judgment revoking probation but did not orally pronounce the fine during sentencing at the final revocation hearing.

Insofar as Petitioner complains the Texas courts erroneously applied state law, his arguments do not furnish a basis for federal habeas relief. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67–68, (1991) (holding complaints regarding the admission of evidence under California law did not present grounds for federal habeas relief absent a showing that admission of the evidence in question violated due process); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (recognizing federal habeas relief will not issue for errors of state law); Pulley v. Harris, 465 U.S. 37, 41 (1984) (holding a federal court may not issue the writ on the basis of a perceived error of state law). In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. Estelle v. McGuire, 502

U.S. at 67–68; Lewis v. Jeffers, 497 U.S. at 780; Pulley v. Harris, 465 U.S. at 41.  When a federal

district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide

whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United

States."

Petitioner's allegation that the trial court erroneously included the balance of his fine in his

judgment does not raise a claim for federal habeas review.  Moreover, having independently

reviewed the entire state court record, this Court finds nothing unreasonable in the state court's

application of clearly established federal law or in the state court's determination of facts in light of

the evidence.  An unprobated fine orally imposed at the original plea hearing may be included in the

judgment revoking regular probation even though the fine was not repronounced at the revocation

hearing.  Coffey v. State, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998).

**D.     Ineffective Assistance of Trial Counsel**

In his next ground for relief, Petitioner argues he was denied effective assistance of trial

counsel.  Specifically, Petitioner alleges his counsel failed to interview and call the almost "(1/4)

dozen witness[es] who were ready, willing and available to testify at the punishment stage," and also

failed to object to unspecified evidence.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth

in Strickland v. Washington, 466 U.S. 668  (1984):

> First, the defendant must show that counsel's performance was deficient.  This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable.  Unless a defendant can make

both showings, it cannot be said that the conviction or death sentence resulted from
a breakdown in the adversary process that renders the result unreliable.

Id. at 687.  In deciding whether counsel's performance was deficient, the Court applies a standard

of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must

be highly deferential.  Id. at 686-689.  "A fair assessment of attorney performance requires that every

effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

Id. at 689.  "Because of the difficulties inherent in making the evaluation, a court must indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy."  Id. (Citation omitted).  Ultimately, the

focus of inquiry must be on the fundamental fairness of the proceedings whose result is being

challenged.  Id. at 695-97.  Accordingly, in order to prevail on a claim of ineffective assistance of

counsel, a convicted defendant must show that (1) counsel's representation fell below an objective

standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  Id. at 687.  Prejudice

in the state sentencing context turns on whether, absent counsel's deficient performance, there is a

reasonable probability that the petitioner's sentence would have been significantly less harsh. Charles

v. Thaler, 629 F.3d 494, 499 (5th Cir. 2011); Spriggs v. Collins, 993 F.2d 85, 88–89 (5th Cir. 1993).


Typically, complaints of uncalled witnesses are not favored in federal habeas corpus review

because the presentation of witness testimony is essentially a matter of strategy, and thus within the

trial counsel's domain.  Sayre v. Anderson, 238 F.3d 631, 635–36 (5th Cir. 2001); United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983).  Counsel's decisions regarding trial tactics and strategy cannot support a claim for ineffective assistance of counsel unless "it is so ill chosen that it permeates the entire trial with obvious unfairness." Cotton v. Cockrell, 343 F.3d 746, 752–53 (5th Cir. 2003) (citations omitted).  Furthermore, in order for a petitioner to show the requisite Strickland prejudice, the petitioner must show that the witness was available and willing to testify at trial and that the witness's testimony would have been favorable.  Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985); Boyd v. Estelle, 661 F.2d 388, 390 (5th Cir. 1981).

Petitioner presents no evidence of what his proposed witnesses might have testified to had they been called or that their testimony would have resulted in a significantly less harsh punishment. Moreover, Petitioner fails to specify what evidence required counsel's objection. The Fifth Circuit has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.  Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

### E.    Ineffective Assistance of Appellate Counsel

In his final ground for relief, Petitioner argues he was denied effective assistance of appellate counsel. Specifically, Petitioner contends, in addition to the two issues counsel raised on appeal, he

should have requested a new trial on punishment or a mistrial and raised a claim of ineffective assistance of counsel.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. Const. amend. VI, XIV; Evitts v. Lucey, 469 U.S. 387, 393-95, (1985); Strickland, 466 U.S. at 688; Anders v. California, 386 U.S. 738, 744 (1967).  An ineffective assistance claim is governed by the familiar standard set forth in Strickland, 466 U.S. at 668. See also Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001) (applying the Strickland standard to ineffective assistance claims against appellate counsel).  As explained earlier, to establish ineffective assistance of counsel Petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different.  Strickland, 466 U.S. at 688.  To show prejudice, a petitioner must show that, but for appellate counsel's performance, there is a reasonable probability he would have prevailed on appeal.  Smith v. Robbins, 528 U.S. 259, 285 (2000).

The Texas Court of Criminal Appeals when considering Petitioner's state application for habeas corpus relief could have reasonably concluded that Petitioner's appellate counsel's failure to raise the additional claims either did not amount to constitutionally deficient performance or did not prejudice Petitioner's appeal.  Although the appellate court rejected the two claims raised by appellate counsel on appeal, the mere fact an attorney's argument did not succeed does not make an attorney constitutionally ineffective.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is

12

of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of appellate counsel.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Rule 11 of the Federal Rules Governing Section 2254 Cases states that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)

(citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(C);  <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of October, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE